UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF INDIANA
EVANSVILLE DIVISION

| | |
|---|---|
| JONATHAN GIFFIN, | ) |
| Plaintiff, | ) |
| -vs- | ) |
| BAUER'S TENT & FAST STRUC-<br>TURES, INC., BAUER'S GROVE<br>BAUERHAUS, INC., DIANE S.<br>SHAW, and MARK J. SHAW, | )<br>)<br>)<br>) |
| Defendants. | ) |

COMPLAINT FOR DAMAGES

Plaintiff Jonathan Giffin ("Giffin"), by counsel, for his causes of action against Defendants he alleges the following:

Jurisdiction & Venue

1. This action arises under the Fair Labor Standards Act of 1938 ("FLSA"), 29 U.S.C. §§ 201 et seq., and also Indiana's Wage Payment Act, Ind.Code §§ 22-2-5-1 et seq.

2. This Court has jurisdiction of this cause under 28 U.S.C. § 1331 and 29 U.S.C. §216(b).

3. Venue is proper under 28 U.S.C. § 94(b)(3), § 1391 in that Plaintiff resides in and the cause of action arises in the Southern District of Indiana, Evansville Division.

Parties

4. Giffin is an adult.

5. Bauer's Tent & Fast Structures, Inc. ("Bauer's") is a domestic, for-profit corporation.

6. Bauer's Grove Bauerhaus, Inc. ("Bauerhaus") is a domestic, for-profit corporation.

7. Defendant Diane S. Shaw is an adult.

8. Defendant Mark J. Shaw is an adult.

## Factual Allegations

9. Giffin started working as an employee formally for Bauer's or any predecessor or successor in interest in or about February 2019.

10. Giffin was also assigned to work for Bauerhaus on occasion.

11. Diane S. Shaw is an officer of Bauer's and had the ability to direct Giffin in his role as an employee, and also control his hours of work and pay.

12. Mark J. Shaw is an officer of Bauer's and had the ability to direct Giffin in his role as an employee, and also control his hours of work and pay.

13. Bauer's always paid Giffin by the hour.

14. Giffin quit his job in or about September 2022.

15. Bauer's suffered or permitted Giffin to work more than forty hours in a workweek on occasion.

16. Bauer's always paid Giffin all the time he worked at the agreed upon hourly rate.

17. Bauer's paid Giffin every two weeks.

18. Bauer's did not pay Giffin at the rate of time-and-a-half for hours worked over forty in a week.

19. Bauer's withheld Giffin's entire final paycheck for a debt he purportedly owed.

20. Giffin never signed any paperwork allowing Bauer's to so withhold.

21. Bauer's is an "employer" as defined by 29 U.S.C. §203(d).

22. Bauerhaus is an "employer" as defined by 29 U.S.C. §203(d).

23. Diane S. Shaw is an "employer" as defined by 29 U.S.C. §203(d).

24. Mark J. Shaw is an "employer" as defined by 29 U.S.C. §203(d).

## Causes Of Action

25. Defendants' failure to pay Giffin overtime for hours worked in a week over forty violated 29 U.S.C. § 207.

26. Defendants' failure to pay Giffin entitles him to the remedies of 29 U.S.C. § 216(b), being the unpaid wages, an equal amount in liquidated damages, costs and attorney's fees.

27. Defendants' withholding of Giffin's final paycheck violated Ind.Code § 22-2-6-2.

28. Defendants' withholding of Giffin's final paycheck entitles him to the remedies of Ind.Code § 22-2-5-2, being the withheld wages, twice that amount as liquidated damages, costs, and attorney's fees.

## Claims For Relief

Plaintiff by counsel prays that this Court will

A. ENTER judgment in his favor and against Defendants;

B. AWARD such relief determined to be proper, including liquidated damages pursuant to 29 U.S.C. 216(b) and Ind.Code § 22-2-5-2;

C. AWARD attorney's fees and costs pursuant to 29 U.S.C. 216(b) and Ind.Code § 22-2-5-2, and

D. GRANT all such other relief as may be proper.

/s/Christopher K. Starkey
Christopher K. Starkey, #11757-49
Attorney for Plaintiff

Christopher K. Starkey, #11757-49
406 South Harrison Street
Shelbyville, IN  46176
Telephone:  (317) 550-7608
StarkeyCK@msn.com